UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ERIC ANDREW GARDNER,

        Plaintiff,                        Case No. 1:19-cv-1055

v.                                          Honorable Robert J. Jonker

UNKNOWN FRONSCZAK et al.,

        Defendants.
_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under Rule 21 of the Federal Rules of Civil Procedure, a court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder. Fed. R. Civ. P. 21. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss without prejudice Plaintiff's claims against Defendants Surbrook, Trowbridge, and Mikat because they are misjoined. The Court will dismiss Plaintiff's claim against Defendant Fronsczak with prejudice for failure to state a claim.

## Discussion

I.      **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility as well as the Macomb Correctional Facility (MRF) in New Haven, Macomb County, Michigan; the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan; and the Woodland Correctional Facility (WCC) in Whitmore Lake, Livingston County, Michigan. Plaintiff sues Defendants Assistant Librarian Unknown Fronsczak (MRF), P.C. Unknown Surbrook (ECF), as well as Librarians Unknown Trowbridge (ARF) and Unknown Mikat (WCC).

Plaintiff alleges at least five discrete events from July 2016 to July 2019 at four different correctional facilities and involving four different Defendants. During July 2016, Defendant Fronsczak denied Plaintiff library time and legal writer assistance at MRF while Plaintiff was housed in segregation, and Plaintiff "missed [his] court deadline." (Compl., ECF No. 1, PageID.3 ¶ 11.) Three years later, when again housed at MRF, Plaintiff confirmed through a library clerk that Defendant Fronsczak had received and discarded Plaintiff's July 2019 requests for library access. (*Id.*, PageID.3 ¶ 12.)

The remainder of Plaintiff's complaint alleges that his legal mail had been opened and withheld (*see, e.g.*, *id.*, PageID.4 ¶ 13, PageID.5 ¶ 20), he had been denied access to law libraries (*see, e.g.*, *id.*, PageID.4 ¶ 14-15), he had been refused legal writer assistance (*see, e.g.*, PageID.4 ¶ 15), and he had been retaliated against (*see, e.g.*, PageID.4 ¶ 14).

Plaintiff seeks compensatory, punitive, presumed, and exemplary damages as well as fees, costs, and interest.

## II. Misjoinder

Plaintiff has joined four Defendants in this action connecting a series of discrete events at four separate correctional facilities during a span from July 2016 to July 2019.

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and *Garcia v. Munoz*, No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778. When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

Permitting the improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004) (discussing purpose of PLRA). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998); *Shephard v. Edwards*, No. C2-01-563, 2001 WL 1681145, at *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule). To allow Plaintiff to proceed with these improperly joined claims and defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of by § 1915(g), should any of his claims turn out to be frivolous.

Defendant Fronsczak is the first defendant listed in the complaint. (Compl., ECF No. 1, PageID.2.) Defendant Fronsczak is further referenced in the earliest conduct described in the complaint. (*Id.*, PageID.5.) Plaintiff makes no allegations against any other Defendant directly related to the conduct of Defendant Fronsczak. Indeed, Defendant Fronsczak is the only Defendant located at MRF. As a result, no claim against any of the other three Defendants is transactionally related to his claims against Defendant Fronsczak.

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'"); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 2:07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d

at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Bldg. Co.*, 848 F.2d at 682.

In this case, Plaintiff brings causes of action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

All of the actions against Defendants Surbrook, Trowbridge, and Mikat, about which Plaintiff complains occurred since July 2017, well within the three-year period of limitations. Those claims are not at risk of being time-barred. Plaintiff therefore will not suffer gratuitous harm if the improperly joined Defendants are dismissed.

Accordingly, the Court will exercise its discretion under Rule 21 and dismiss Defendants Surbrook, Trowbridge, and Mikat, from the action, without prejudice to the institution of new, separate lawsuits by Plaintiff against those Defendants.[1] *See Coughlin*, 130 F.3d at 1350 ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs"); *Carney*, 2008 WL 485204, at *3 (same).

---

[1] As fully discussed in this opinion, Plaintiff is cautioned that he must limit all future actions to Defendants who are transactionally related to one another. Not all of the dismissed claims and Defendants would be properly brought in a single new action.

7

## III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that he has been denied access to the court in violation of his Fourteenth Amendment rights.

## IV. Access to the Courts

Plaintiff further alleges that, in July 2016 and July 2019, Defendant Fronsczak had denied Plaintiff access to the law library and to a legal writer service, which resulted in Plaintiff "miss[ing] court deadlines." (Compl., ECF No. 1, PageID.5 ¶ 19.)

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

Further, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating

9

> capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). Where, as here, "the access claim . . . looks backward,[2] the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415. "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

**A.     July 2016**

Plaintiff alleges that in July 2016,[3] Defendant Fronsczak denied Plaintiff library time and "constructively denied 'access to the courts' legal writer assistance" while Plaintiff was in segregation, and Plaintiff "missed [his] court deadline." (Compl., ECF No. 1, PageID.3 ¶ 11.)

---

[2] Backward-looking claims "do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims . . . is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Christopher*, 536 U.S. at 414 (footnotes omitted). In contrast, the "essence" of a forward-looking claim "is that official action is presently denying an opportunity to litigate for a class of potential plaintiffs. The opportunity has not been lost for all time, however, but only in the short term; the object of the denial-of-access suit . . . is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413.

[3] The Court notes that Plaintiff's July 2016 claim is also likely barred by the statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson*

Although Plaintiff alleges that he missed a deadline due to Defendant Fronsczak's conduct, Plaintiff fails to allege what injury resulted or even to identify what specific deadline was missed. In his complaint, Plaintiff identifies three previous actions in the federal district courts of Michigan. (*See* Compl., ECF No. 1, PageID.6.) Plaintiff had filed two of these earlier actions in the Western District of Michigan, *see Gardner v. MDOC et al.*, No. 2:16-cv-0002 (W.D. Mich.), and *Gardner v. MDOC et al.*, No. 2:16-cv-0003 (W.D. Mich.), as well as a third action in the Eastern District, *see Gardner v. St. Clair County et al.*, No. 2:16-cv-10198 (E.D. Mich.).

In the first Western District case, No. 2:16-cv-0002, Plaintiff suffered no apparent injury. Although the Court had issued an order on July 13, 2016, for Plaintiff to show cause by July 27, 2016, why Plaintiff had failed to provide the requested copies of the complaint for service on the defendants (No. 2:16-cv-0002, ECF No. 26), the Court accepted Plaintiff's response on July 28, 2016 (ECF No. 27). Thus, no injury is apparent in Plaintiff's first case in the Western District.

In the second Western District case, No. 2:16-cv-0003, Plaintiff against suffered no apparent injury. The docket does not indicate that Plaintiff missed any deadlines in late July or early August 2016. However, on August 29, 2016, Plaintiff filed a motion to extend time to file his response (No. 2:16-cv-0003, ECF No. 35) to defendants' June 10, 2016 motion to sever (ECF No. 32). On August 30, 2016, the Court granted Plaintiff's motion (ECF No. 35), and Plaintiff filed his response on September 26, 2016 (ECF No. 41). Consequently, Plaintiff suffered no apparent injury in his second Western District case.

---

*v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220. Plaintiff's claim accrued by August 2016, however, he did not file his claim until December 2019, well after Michigan's three-year limit.

11

Finally, the Court can ascertain no injury resulting in Plaintiff's case in the Eastern District of Michigan, *Gardner v. St. Clair County, et al.*, No. 2:16-cv-10198 (E.D. Mich.). In July 2016, Plaintiff had filed a notice of appeal (E.D. Mich. No. 2:16-cv-10198, ECF No. 13) of that court's March 9, 2016 opinion, order, and judgment (ECF Nos. 11, 12) dismissing his complaint. On April 5, 2016, the district court had denied (ECF No. 16) Plaintiff's application to proceed without prepayment of fees or costs on appeal (ECF No. 14), and the next docket entry was on December 30, 2016, when the Sixth Circuit denied Plaintiff's application for leave to proceed in forma pauperis (ECF No. 17). Thus, no injury is apparent in Plaintiff's case in the Eastern District of Michigan.

Accordingly, because Plaintiff has failed to sufficiently allege any injury he suffered to a direct appeal of his criminal proceeding, to a habeas corpus application, or to a civil rights claim, his claim that he was denied access to the courts in July 2016 must be dismissed for failure to state a claim.

### B. July 2019

Likewise, Plaintiff has failed to adequately allege any injury that has resulted from Defendant Fronsczak's alleged denial of access to the library in July 2019 nor can the Court determine any deadline that Plaintiff may have been missed in or around July 2019.

All three previous actions in the federal district courts of Michigan that Plaintiff identifies in his complaint (*see* Compl., ECF No. 1, PageID.6) had been resolved by July 2019. The Sixth Circuit issued its decisions on these cases on June 19, 2017, *see Gardner v. County of St. Clair, et al.*, No. 16-1391 (6th Cir.); December 18, 2018, *see Gardner v. MDOC et al.*, No. 18-1609 (6th Cir.); and February 1, 2019, *see Gardner v. MDOC, et al.*, No. 18-1586 (6th Cir.). Under Supreme Court Rules, Plaintiff had 90 days from entry of judgment by the Sixth Circuit to petition for a writ of certiorari in any of his three cases. *See* Sup. Ct. R. 13. Thus, Plaintiff had until

September 17, 2017 (No. 16-1391); March 18, 2019 (No. 18-1609); or May 2, 2019 (No. 18-1586) to petition for a writ of certiorari in his respective cases. Having failed to timely petition the Supreme Court for such a writ, the Court is simply unable to determine what injury Plaintiff could have suffered in July 2019.

Accordingly, Plaintiff's claim contending that his access to the courts was restricted in July 2019 will be dismissed for failure to state a claim.

## **Conclusion**

Having conducted the review under Federal Rule of Civil Procedure 21, the Court determines that Defendants Surbrook, Trowbridge, and Mikat will be dropped from the case. Plaintiff's claims against them will be dismissed without prejudice.

Plaintiff's claims against Defendant Fronsczak will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   January 17, 2020              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE